IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVIN COLEMAN, | § | |
| | § | No. 42, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1303012706 (K) |
| STATE OF DELAWARE, | § | 1303004663 (K) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: March 22, 2024
Decided: May 21, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1)     The appellant, Devin Coleman, filed this appeal from a Superior Court order summarily dismissing his motion for postconviction relief under Superior Court Criminal Rule 61.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Coleman's opening brief that his appeal is without merit.  We agree and affirm.

(2)     In June 2014, Coleman resolved two criminal cases by pleading guilty to possession of a firearm by a person prohibited ("PFBPP"), disregarding a police signal,  and  second-degree  conspiracy  in  Criminal  ID  No.  1303012706  and

disregarding a police signal and second-degree reckless endangering in Criminal ID No. 1303004663. The Superior Court sentenced Coleman to fifteen years of Level V incarceration suspended after eight years for one year of probation. Between 2014 and May 2020, Coleman filed multiple motions, including a motion for postconviction relief under Superior Court Criminal Rule 61. The Superior Court denied that motion in 2015.[1] Coleman filed an appeal, but stipulated with the State to dismissal of the appeal after the completion of briefing.[2]

(3) In June 2020, Coleman began serving conditional release for his PFBPP conviction and Level III probation for his disregarding a police signal, second-degree conspiracy, and second-degree reckless endangering convictions. In July 2020, Coleman's probation officer filed an administrative warrant alleging that Coleman had violated his conditional release and probation by committing new criminal offenses and possessing a firearm without permission. On September 25, 2020, Coleman filed a second motion for postconviction relief in Criminal ID No. 1303012706 in which he alleged that his right to self-representation was violated in 2014.

(4) After several continuances of a hearing on the conditional release and probation violations, Coleman's counsel filed a motion to suppress on November

---

[1] *Coleman v. State*, 2015 WL 9595468 (Del. Super. Ct. Dec. 23, 2015).
[2] *Coleman v. State*, 2016 WL 4445355 (Del. Aug. 19. 2016).

2

23, 2020. The motion alleged that Probation and Parole ("P&P") failed to comply with 11 *Del. C.* § 4321 and P&P Procedure 7.19 in conducting an administrative search of Coleman's hotel room. On December 7, 2020, the State responded to the motion to suppress.

(5) The suppression and VOP hearing were scheduled for December 11, 2020. At the hearing, Coleman told his counsel, who then advised the court, that Coleman wished to represent himself. The Superior Court conducted a limited colloquy with Coleman, found that Coleman had waived his right to proceed with counsel on the motion to suppress and the violations of conditional release and probation, permitted Coleman's counsel to withdraw, and continued the hearing so that Coleman could receive the exhibits to the State's response to the motion to suppress and have more time to prepare.

(6) On January 19, 2021, the Superior Court advised the parties that Coleman's counsel for the new criminal charges should attend the pre-hearing conference in the violations proceeding and speak with Coleman before the prehearing conference because the suppression decision could affect the new criminal charges. The court also stated that if Coleman still wished to represent himself in the combined suppression and violations hearing, the court would conduct a more detailed *pro se* colloquy. At the pre-hearing conference on February 22, 2021, the Superior Court discussed with the parties and Coleman's counsel for the

3

new charges the possibility that the suppression motion could have an impact on the new charges. Coleman's counsel for the new charges indicated that Coleman still wanted to represent himself in the violations proceeding. After conducting a colloquy with Coleman, the Superior Court found that he had knowingly, intelligently, and voluntarily waived his right to counsel in the violation of conditional release and probation proceeding.

(7)　On March 16, 2021, April 6, 2021, and April 13, 2021, the parties presented evidence regarding the motion to suppress. On April 13, 2021 and April 29, 2021, the parties presented evidence regarding the violations of conditional release and probation. On May 27, 2021, the Superior Court issued its decision on the motion to suppress and the violations of conditional release and probation.[3] The Superior Court denied the motion to suppress, concluding that Probation and Parole ("P & P") had substantially complied with Procedure 7.19.[4] As to the violations of conditional release and probation, the Superior Court held that the State had shown by a preponderance of the evidence that Coleman had violated his conditional release and probation.[5]

(8)　On June 10, 2021, the Superior Court sentenced Coleman for his violations. As to the PFBPP conviction, the Superior Court revoked Coleman's

---

[3] *State v. Coleman*, 2021 WL 2181428 (Del. Super. Ct. May 27, 2021).
[4] *Id.* at *5-7.
[5] *Id.* at *8-9.

4

conditional release. As to the other convictions, the Superior Court sentenced Coleman as follows: (i) for disregarding a police signal in Criminal ID No. 1303004663, two years of Level V incarceration, suspended after one year served under 11 *Del. C.* § 4204(k) for decreasing levels of supervision; (ii) for second-degree conspiracy, two years of Level V incarceration, suspended after six months for decreasing levels of supervision; and (iii) for disregarding a police signal in Criminal ID No. 1303012706, two years of Level V incarceration, suspended for decreasing levels of supervision. The Superior Court discharged Coleman from probation as unimproved for the second-degree reckless endangering conviction. On appeal, this Court affirmed the Superior Court's judgment.[6]

(9) On January 8, 2024, Coleman filed a motion for postconviction relief alleging that his counsel in the violations proceeding was ineffective for failing to raise statutory violations and that his rights to self-representation and self-representation autonomy were violated. He also requested appointment of counsel. The Superior Court summarily dismissed the motion because it failed to meet the requirements of Superior Criminal Rule 61(d)(2), which provides that a second or subsequent postconviction motion shall be summarily dismissed unless the movant was convicted after trial and pleads with particularity new evidence of actual

---

[6] *Coleman v. State*, 2023 WL 28708 (Del. Jan. 3, 2023).

innocence or a new, retroactively applicable rule of constitutional law that renders the conviction invalid. This appeal followed.

(10) On appeal, Coleman argues that the Superior Court erred in treating his January 8, 2024 postconviction motion like a second or subsequent postconviction motion because it was the first postconviction motion he filed after he was sentenced for violating his conditional release and probation. Even if the January 8, 2024 postconviction motion could be treated as a first motion for postconviction relief under Rule 61 as Coleman contends, denial of the motion was appropriate.

(11) Rule 61(i)(3) bars Coleman's claims that the Superior Court violated his right to self-representation and self-representation autonomy because he did not raise those claims on appeal and has failed to show "[c]ause for relief from the procedural default…and [p]rejudice from violation of…[his] rights."[7] Coleman could have overcome this procedural bar by pleading that the Superior Court lacked jurisdiction, new evidence of actual innocence, or a retroactively applicable rule of constitutional law that rendered his convictions invalid, but did not do so.

(12) The procedural bars of Rule 61 do not bar a timely claim of ineffective assistance of counsel.[8] To prevail on an ineffective assistance of counsel claim, a

---

[7] Super. Ct. Crim. R. 61(i)(3). *See also Wheeler v. State*, 296 A.3d 363, 374-75 (Del. 2023) (holding that claim defendant failed to raise on direct appeal was barred by Rule 61(i)(3) unless he established cause and prejudice).

[8] *Bradley v. State*, 135 A.3d 748, 759 (Del. 2016).

6

defendant must demonstrate that: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different. Coleman's contention that his counsel was ineffective for not raising statutory violations is presumably based on his claim of violations of Section 2407 of the wiretap statute that the Superior Court found Coleman had waived.[9]

(13) Coleman ignores that he was representing himself during most of the relevant time period. In affirming the Superior Court's ruling that Coleman did not raise Section 2407 in a timely manner, this Court recognized that violation of Section 2407 could not be included in the November 23, 2020 motion to suppress while Coleman and his counsel were unaware of the wiretap, but noted that Coleman and his counsel became aware of the wiretap when the State filed its December 7, 2020 response to the motion to suppress.[10] Coleman began representing himself on December 11, 2020 and was referring to the wiretap in communications to the Superior Court by the end of the month. He did not assert violations of the Section 2407 until April 29, 2021, the last day of the violations hearing. Coleman has not offered anything to suggest that his counsel was ineffective between December 7, 2020 and December 11, 2020. Nor has Coleman identified any basis to assert that

---

[9] *Coleman*, 2021 WL 2181428, at *7,
[10] *Coleman*, 2023 WL 28708, at *4.

7

his counsel, who was permitted to withdraw, was ineffective while Coleman was representing himself. The Superior Court's dismissal of Coleman's postconviction motion must be affirmed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


_/s/ Karen L. Valihura_
Justice

8